IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**BRANDON XAVIER COLES, #1469259**

      **Petitioner,**

v.                                                          **Civil Case No. 2:21cv329**

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections,**

      **Respondent.**

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Brandon Xavier Coles ("Petitioner") *pro se* Petition for a Writ of Habeas Corpus ("the Petition") filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and Respondent Harold W. Clarke's ("Respondent") Motion to Dismiss, ECF No. 12. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss, ECF No. 12, be **GRANTED**, and the Petition, ECF No. 1 be **DENIED** and **DISMISSED WITH PREJUDICE**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 24, 2014, before the Circuit Court for the City of Hampton (the "Trial Court"), a jury convicted Petitioner of one count of murder and one count of use of a firearm in the commission of a felony. ECF No. 14, attach. 1 at 1–2. On September 16, 2014, the Trial Court sentenced Petitioner to thirty years of imprisonment. *Id.* The Trial Court also ordered Petitioner to three years of post-release supervision. *Id.*

Petitioner filed a direct appeal with the Court of Appeals of Virginia. ECF No. 14, attach. 2 at 1. Therein, Petitioner argued:

> The trial court erred in denying Coles' motion to strike the charges of first-degree murder and use of firearm in the commission of murder, where: 1) the Commonwealth's evidence failed to exclude the reasonable hypothesis of innocence that one of other half dozen or so persons at the crime scene killed Michael Lovelace; 2) even if one presumes Coles committed the homicide, the Commonwealth's evidence failed to exclude the reasonable hypothesis that the homicide occurred in the context of a sudden anger or rage rather than as an act of malice aforethought; and 3) the Commonwealth's evidence failed to prove the prerequisites for first-degree murder, namely, that the killing was willful, deliberate, and premeditated, thereby failing to overcome the presumption of second-degree murder.

ECF No. 14, attach. 2 at 20. On April 15, 2015, the Court of Appeals of Virginia denied Petitioner's appeal on the grounds that Petitioner did not properly raise his claims at trial, and accordingly the Court of Appeals would not address them for the first time on appeal. *Id.* (citing Rule 5A:18). *Id.* at 3. A three-judge panel of the Court of Appeals of Virginia affirmed the court's April 15, 2015 decision. ECF No. 14, attach. 4 at 4–5.

Petitioner then filed an appeal with the Supreme Court of Virginia. ECF No. 14, attach. 5. Therein, Petitioner argued that the Court of Appeals "erred in refusing to consider, pursuant to Rule 5A:18, the second and third grounds of the assignment of error, where the arguments concerning the lesser grades of homicide were implicitly subsumed within the motion to strike the

2

change of first-degree murder." *Id.* at 17. The Supreme Court of Virginia refused the petition for appeal on February 24, 2016. ECF No. 14, attach. 7 at 1.

Petitioner filed a petition for writ of habeas corpus in the Trial Court on January 23, 2017. ECF No. 14, attach. 8 at 25. As explained by the Trial Court, Petitioner's writ of habeas corpus argued that his counsel was ineffective because:

> (A) Counsel failed to object for cause and move to exclude Juror West, No. 26.
>
> (b) Counsel failed to request that the Court examine a witness who initially testified before the jury and was admonished against discussing the case with other witnesses who hadn't testified during the break, but did, for a high degree of prejudice.

ECF No. 14, attach. 9 at 2. On June 5, 2017, the Trial Court dismissed the state habeas petition because Petitioner "failed to show constitutionally deficient performance and [failed] to rebut the presumption that counsel had a valid tactical reason for his decision not to strike Juror West for cause." *Id.* at 5–10. Petitioner did not appeal the Trial Court's dismissal to the Supreme Court of Virginia.

On June 9, 2021, the Court received and filed the instant *pro se* § 2254 Petition for federal habeas relief, wherein Petitioner raised the same claims in his state habeas petition. *See* ECF No. 1 at 15–25. Specifically, the instant Petition raises the following claims:

> Ground One: The prosecution suppressed evidence favorable to the Petitioner.
> . . .
> Ground Two: Petitioner was convicted on less than proof beyond a reasonable doubt of every element of the charged crime.
> . . .
> Ground Three: Juror stated known bias that will not allow him to make a fair decision during voir dire.

ECF No. 1 at 6–8. On December 29, 2021, Respondent filed a Motion to Dismiss, a Rule 5 Answer, a Brief in Support of the Motion to Dismiss, and *Roseboro* Notice. ECF Nos. 12–15.

3

Petitioner did not file a response to the Motion to Dismiss. Therefore, the instant Petition and Motion to Dismiss are ripe for recommended disposition.

## II. DISCUSSION

Before considering the merits of a federal habeas petition, the preliminary inquiry must be whether Petitioner's federal habeas petition was timely or may be excused for untimely filing under the Anti-terrorism and Effective Death Penalty Act ("AEDPA") and whether Petitioner's claims are procedurally defaulted or can overcome procedural default because of a fundamental miscarriage of justice.

*1. Statute of Limitations under the AEDPA.*

"On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ('the AEDPA')." *Gilmore v. Ballard*, No. 2:09-CV-00041, 2009 WL 6319261, at *1 (S.D.W. Va. Oct. 22, 2009), *report and recommendation adopted in part*, No. CIV. A. 2:09-00041, 2010 WL 1286891 (S.D.W. Va. Mar. 26, 2010). As Respondent notes, this case is governed by the limitation period set forth in the AEDPA. ECF No. 14 at 4. The applicable section of the AEDPA provides, in pertinent part, that:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

4

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) of the AEDPA further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Therefore, Section 2254 petitions such as the instant Petition are subject to a one-year statute of limitations and must be dismissed if they are filed later than one year after the expiration of the time to seek direct review of the highest state court's decision by the Supreme Court of the United States. *See* 28 U.S.C. § 2244(d)(1)(A).

2. *The Petition is untimely.*

In the instant matter, Petitioner's judgment became final on February 24, 2016, when the Supreme Court of Virginia dismissed Petitioner's direct appeal. ECF No. 14, attach. 7 at 1. The time for seeking direct review in the United States Supreme Court ended on May 24, 2016—"90 days after the entry of the order denying discretionary review." Sup. Ct. R. 13.1. Accordingly, Petitioner's one-year Section 2254(d)(1) statute of limitations began running on May 24, 2016. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired) (citing 28 U.S.C. § 2244(d)(1)(A)). On January 23, 2017, 244 days later,[1] Petitioner filed a timely state petition for writ of habeas corpus. ECF No. 14, attach. 8 at 25; Va. Code § 8.01-654(A)(2) (stating that a petition for writ of habeas corpus must be filed "within one year from . . . final disposition of the direct appeal in state court."). Petitioner was entitled to tolling for 133 days of the § 2254 statute of limitations until June 5, 2017, when the Trial Court dismissed the state habeas petition. ECF No. 14, attach. 9 at 2. Thus, on that date, Petitioner had 121 days

---

[1] Respondent incorrectly calculated this figure as 274 days. ECF No. 14 at 4.

5

remaining to file a federal habeas petition. Applying the one-year AEDPA deadline, Petitioner's statute of limitations for filing a petition for federal habeas corpus relief under 28 U.S.C. § 2244(d)(1)(A) expired on October 4, 2017. The instant Petition was filed May 6, 2021,[2] which is 1808 days (or 4 years, 11 months, and 12 days) after the time for filing a federal habeas petition began to run on May 24, 2016, and consequently, 1310 days (or 3 years, 7 months, and 2 days) beyond the 365-day (one-year) deadline provided by the AEDPA.

To the extent that Petitioner argues his untimely filing should be excused based on Supreme Court of Virginia Rule 3A:11,[3] that argument is without merit.[4] *See* ECF No. 1 at 10, 12. Rule 3A:11 of the Virginia Supreme Court is not a "constitutional right" that was "recognized by the Supreme Court and made retroactively applicable to cases on collateral review," and accordingly, does not apply to Petitioner's federal habeas petition. *See* 28 U.S.C. § 2244(d)(1)(C).

---

[2] Although the Petition was received by the United States District Court for the Eastern District of Virginia in the Norfolk Division on May 28, 2021, and not filed until June 9, 2021, the undersigned affords Petitioner the benefit of the "prison mailbox rule," which deems prisoner court filings to be "filed" as of the date that the documents are given to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) and Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts. *See also Booker v. Clarke*, No. 1:15CV781, 2016 WL 4718951, at *4 (E.D. Va. Sept. 8, 2016), appeal dismissed, 678 F. App'x 152 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 234, 199 L. Ed. 2d 152 (2017), *reh'g denied*, 138 S. Ct. 538, 199 L. Ed. 2d 414 (2017) ("For federal purposes, a pleading submitted by an incarcerated litigant acting *pro se* is deemed filed when it is delivered to prison officials for mailing.") (citing *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988)). Here, Petitioner certified that he placed his Petition in the prison mailing system on May 6, 2021. ECF No. 1 at 12.

[3] The recent amendments to Rule 3A:11 expanded and standardized a defendant's right to discovery. *See Amend Rules 3A:11 and 3A:12* (Sup. Ct. Sept. 5, 2018), https://www.vacourts.gov/courts/scv/amendments/2018_09_05_rules_3a_11_and_3a_12.pdf.

[4] Petitioner alluded to this argument several times in his Petition: (1) "Under Rule 3A:11 of the Virginia, the Rules of Discovery, the law changed to that now the defendant must receive everything in a Motion of Discovery, the law became valid in July 2020." ECF No. 1 at 6; (2) "Ground Three – Time Barred From Appealing but Good Faith Law came into effect," *id.* at 10; (3) "[t]imeliness of Petition – The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," *id.* at 12.

Unless Petitioner is entitled to application of either statutory tolling or equitable tolling, the untimeliness of the Petition bars this Court's review of the same.

*3. Petitioner is not entitled to additional statutory tolling.*

As explained in Part II.1, *supra*, Section 2244(d)(2) of the AEDPA provides for tolling of the federal one-year statute of limitations during the pendency of a "properly filed" state habeas petition. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

The undersigned finds that the benefits of statutory tolling (pursuant to 28 U.S.C. § 2244(d)(2)) have already been made available to Petitioner. Petitioner's one-year AEDPA period began no later than May 24, 2016, when direct review of Petitioner's case concluded. The one-year statute of limitations was tolled beginning on January 23, 2017, when Petitioner filed his state habeas petition. The period of statutory tolling ended no later than June 5, 2017, when the Trial Court dismissed Petitioner's state habeas petition. Petitioner's one-year AEDPA period ended on October 4, 2017. The instant Petition was filed with this Court on May 6, 2021, well beyond the one-year statute of limitations provided by the AEDPA.

Having determined that additional statutory tolling is unavailable to Petitioner, the undersigned now considers the availability of equitable tolling.

*4. Petitioner is not entitled to equitable tolling.*

"To qualify for equitable tolling, a petitioner must demonstrate both that (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Rashid v. Clarke*, No. 1:18CV262, 2018 WL 1937349, at *3 (E.D. Va. Apr. 24, 2018) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*,

7

544 U.S. 408, 418 (2005))). In the Fourth Circuit, that means "the petitioner is obliged to specify the steps he took in diligently pursuing his federal claim, and a lack of diligence generally acts to negate the application of equitable tolling." *Rashid*, 2018 WL 1937349, at *3 (citing *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001)). "In addition, the petitioner must 'demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstances.'" *Rashid*, 2018 WL 1937349, at *3 (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

To the extent that Petitioner argues he is entitled to equitable tolling based on Supreme Court of Virginia Rule 3A:11, that argument is without merit. *See* ECF No. 1 at 10, 12. Even if Petitioner could plausibly argue he thought Supreme Court of Virginia Rule 3A:11 would apply to his Petition, Petitioner does not explain any steps he took to diligently pursue his federal claim. Despite Rule 3A:11 going into effect July 1, 2020, Petitioner did not file the instant Petition until May 6, 2021. Accordingly, there is no causal relationship between the promulgation of Supreme Court of Virginia Rule 3A:11 and the lateness of the Petition.

The undersigned's reluctance to find that Petitioner has demonstrated entitlement to equitable tolling is further informed by the Fourth Circuit's recognition that equitable tolling is to be applied only in rare circumstances. *See Rouse*, 339 F.3d at 246 ("We believe, therefore that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.").

Ultimately, Petitioner has failed to demonstrate that application of equitable tolling is warranted. To hold otherwise would run afoul of the Supreme Court's "historic limitation of

8

equitable tolling to extraordinary circumstances beyond a petitioner's control." *Whiteside v. United States*, 775 F.3d 180, 187 (4th Cir. 2014). Accordingly, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED** on the basis of Respondent's timeliness argument.

## III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 12, be **GRANTED**, and the Petition, ECF No.1, be **DISMISSED WITH PREJUDICE.**

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel for Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
June 23, 2022